UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Richard St. Pierre, et al.

    v.                                                        Civil No. 19-cv-1163 -JL
                                                                   Opinion No. 2021 DNH 103

Wells Fargo Home Mortgage, et al.


**SUMMARY ORDER**

Before the court is defendant Federal National Mortgage Association's ("Fannie Mae") unopposed motion to dismiss under Fed. R. Civ. P. 12(b)(6).[1] The court sua sponte extended the plaintiffs' objection deadline to April 5, 2021, but that deadline has long passed without any response from the plaintiffs. The court therefore deems the plaintiffs' objection waived under L.R. 7.1(b). "[T]he mere fact that a motion to dismiss is unopposed," however, "does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." Vega-Encarnacion v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003). Thus, the court independently examines the complaint to determine whether it sufficiently states a claim against Fannie Mae.

After review of the plaintiffs' complaint[2] and Fannie Mae's motion, the motion is granted in part and denied in part. For the following reasons, all of the plaintiffs' claims against Fannie Mae are dismissed, with the exception of their claim under the Truth in Lending Act ("TILA") (Count 7). The court recites a brief factual summary of the case and addresses each claim in turn.

---

[1] See Motion to Dismiss (doc. no. 8).

[2] See Complaint (doc. no. 1).

## I. Background[3]

On June 16, 2008, the St. Pierres executed a mortgage granting CitiMortgage, Inc. a lien against their property at 115 Brentwood Road, Exeter, New Hampshire to secure Richard St. Pierre's obligation to repay a $320,000 promissory note.[4] The plaintiffs executed a modification agreement effective November 2, 2017, in which, among other things, they agreed to extend the note's maturity date to October 1, 2057.[5] The mortgage was assigned to Fannie Mae on November 13, 2018.[6]

On November 18, 2019, the plaintiffs filed this lawsuit, alleging principally that Fannie Mae should be held liable under various legal theories for delaying or refusing to allow them to modify their loan a second time, and for failing to notify them that the mortgage was assigned to Fannie Mae. The plaintiffs did not seek to enjoin Fannie Mae from foreclosing the mortgage and selling their property. On January 20, 2020, Fannie Mae conducted a foreclosure sale, where it purchased the property for $336,500.[7]

## II. Analysis

---

[3] The court draws this background from the plaintiffs' complaint, as well as the mortgage, note, modification agreement, and assignment, all of which are fairly referred to in the complaint and central to the plaintiffs' claims, and can therefore be considered when ruling on a Rule 12(b)(6) motion to dismiss without converting it into a motion for summary judgment. See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019); Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009).

[4] See Complaint (doc. no. 1, at 3); Ex. A to Wells Fargo Motion to Dismiss (doc. no. 8-2) (the Mortgage); Ex. B to Wells Fargo Motion to Dismiss (doc. no. 8-3) (the Note).

[5] See Doc. no. 1, at 13; Ex. C to Wells Fargo Motion to Dismiss (doc. no. 8-4) (the Modification Agreement).

[6] See Ex. D to Wells Fargo Motion to Dismiss (doc. no. 8-5) (the Assignment).

[7] See Ex. E to Wells Fargo Motion to Dismiss (doc. no. 8-6) (the Foreclosure Deed). It is unclear if, and for how long, the plaintiffs retained possession of the property after foreclosure, or whether they remain in possession of the property.

**Counts relating to the parties' rights and duties**. As for Count 1 (titled, "Reasonable Reliance; Detrimental Reliance"), Count 4 (quiet title), and Count 6 (declaratory judgment), the plaintiffs allege there is an actual controversy regarding the parties' rights and duties in the subject note and mortgage and subject property. As a result, they seek an injunction restraining Fannie Mae's alleged "wrongful conduct," a judgment declaring that Fannie Mae has no "estate, title, lien or interest in or to" the subject property, and an order quieting title to the property.

While the court must construe the plaintiffs' pro se complaint liberally, "pro se status does not insulate a party from complying with procedural and substantive law. Even under a liberal construction, the complaint must adequately allege the elements of a claim with the requisite supporting facts." Chiras v. Associated Credit Servs., Inc., 12-10871-TSH, 2012 WL 3025093, at *1 n.1 (D. Mass. July 23, 2012) (Hillman, J.) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (internal citation and quotation marks omitted)). Here, the plaintiffs' complaint – a confusing assortment of cut and pasted legal principles, bald legal conclusions, and generalized, often incomplete, allegations untethered to the St. Pierres or the mortgage loan and property at issue – falls far short of setting forth the requisite factual allegations to state a claim that Fannie Mae does not hold legal rights to enforce the mortgage and foreclose on the plaintiffs' property.[8] See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (noting that the deferential standard for Rule 12(b)(6) motions "does not force [a] court to

---

[8] By way of example only, in support of Count 1, the plaintiffs conclude that "Defendants' actions" (without specifying which defendants by name) in processing, handling, and attempting to foreclose on their property "involved numerous fraudulent, false, deceptive and leading practices, including, but not limited to, violations of State laws designed to protect borrowers." Complaint (doc. no. 1), at ¶ 44. Yet the plaintiffs do not specify which state laws were allegedly violated or provide any factual allegations to support this conclusion. And in the next paragraph, they appear to have copied a list of citations to California cases with no connection to the St. Pierres or the property at issue. Elsewhere, the plaintiffs mention Georgia law. The plaintiffs do not argue that California or any other state's law applies to their claims. Nor could they, as the property at issue is in New Hampshire and the mortgage is governed by New Hampshire law.

swallow the plaintiff[']s invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited").

Moreover, the operative documents – namely, the mortgage and assignment – establish that Fannie Mae has a valid interest in the subject property and is entitled to enforce the mortgage, regardless of whether Fannie Mae also holds the note. See Martin v. Wells Fargo Bank, N.A., No. 15-cv-447-LM, 2016 WL 224103, at *4 (D.N.H. Jan. 19, 2016) (McCafferty, J.) ("As discussed above, the mortgage, note, and mortgage assignment show that Wells Fargo has a valid interest in the property. Therefore, the Martins' claim for declaratory relief must be dismissed."); Dow v. Bank of N.Y. Mellon Trust Co., No. 218–2011–CV–1297, slip op. at 14–16 (N.H. Super. Ct. Feb. 7, 2012) (finding that foreclosing entity, which held the mortgage by assignment but did not possess the note (as here), could proceed with foreclosure where note and mortgage were held by different entities from the outset (also as here)).

The plaintiffs' complaint therefore fails to state claims upon which relief can be granted for "detrimental reliance"[9], quiet title, and declaratory judgment, and Fannie Mae's motion to dismiss those claims is granted.

**Breach of contract**. The plaintiffs allege that Fannie Mae breached Paragraph 23 of the mortgage by failing to release and discharge the mortgage after being "paid in full." Fannie Mae argues that the plaintiffs' breach of contract claim must be dismissed because they have not alleged that the "balance secured by the mortgage was satisfied."[10] The court agrees. While the plaintiffs allege in Paragraph 49 of the complaint that Fannie Mae was "paid in full for their

---

[9] Even if the court construed Count 1 as a claim for promissory estoppel or fraud, dismissal is still warranted because the plaintiffs do not allege that Fannie Mae made a promise that they reasonably relied on to their detriment, and the complaint is wholly lacking the heightened factual support for a fraud claim.

[10] Doc. no. 8-1, at ¶ 15.

Accommodated capacity to the Tangible Note and Mortgage/Deed of Trust when it sold and relinquished its interest in the Plaintiff's real property to Fannie Mae," they do not allege that the mortgage was paid in full. Under the plain terms of Paragraph 23 of the mortgage, Fannie Mae must only record a release of the mortgage "after this Security Instrument," i.e., the mortgage, is satisfied. Absent any allegation that the mortgage was satisfied, the plaintiffs fail to state a claim that Fannie Mae breached Paragraph 23 of the mortgage. See Leadbeater v. JP Morgan Chase, N.A., No. 16-7655 (JMV), 2017 WL 4790384, at *10 (D.N.J. Oct. 24, 2017) (dismissing borrower's breach of contract claim, which relied on the same "paid in full for their Accommodated capacity . . ." allegation as here, but failed to allege that the mortgage itself was paid in full, thereby precluding claim for breach of Paragraph 23 of mortgage). Fannie Mae's motion to dismiss Count 2 is granted.

**Breach of fiduciary duty**. The plaintiffs fail to state a breach of fiduciary duty claim because their complaint contains insufficient facts to support the existence of a fiduciary relationship between Fannie Mae and the plaintiffs. Ordinarily, "the relationship between lender and borrower is not a fiduciary one, but is contractual under New Hampshire law." Eldridge v. Ocwen Loan Servicing, LLC, No. 2016-0328, 2017 WL 5983705, at *3 (N.H. Oct. 12, 2017) (quotations omitted). And none of the exceptions to this rule apply here because a contract (the mortgage) governs the parties' relationship, and "to the extent that the [plaintiffs] argue [Fannie Mae] did not act in a 'reasonable or appropriate manner,' the contract itself" would provide a basis for relief. Eldridge, 2017 WL 5983705, at 5. Fannie Mae's motion to dismiss Count 3 is granted.

**Slander of title**. The plaintiffs' slander of title claim similarly must be dismissed because the plaintiffs fail to allege that Fannie Mae published any false statements, let alone that

they "maliciously" published such statements. See Speake v. Bank of N.Y. Mellon, 2017 WL 1379333, at *4 (D.N.H. April 17, 2017). Rather than allege that Fannie Mae published any false statements, the plaintiffs merely allege that Fannie Mae did not record certain documents. Even construed in the most favorable way possible to the plaintiffs, such an allegation cannot support a slander of title claim. Fannie Mae's motion to dismiss Count 5 is granted.

**TILA**. Fannie Mae argues that the plaintiffs' TILA claim, 15 U.S.C. § 1641(g), should be dismissed as untimely because the plaintiffs did not file the claim within one year of the alleged TILA violation. See Sykes v. RBS Citizens, N.A., 2 F. Supp. 3d 128, 142 (D.N.H. 2014) (a plaintiff alleging a violation of section 1641 must sue "within one year from the date of the occurrence of the violation"). Specifically, Fannie Mae contends that the complaint alleges that the mortgage loan was assigned "at or very near the time of loan origination" in 2008. Thus, Fannie Mae avers, any post-2009 TILA claim arising out of a failure to notify the borrower of this assignment is barred as untimely.

While the complaint references an assignment and speculates that the mortgage loan was assigned to Fannie Mae close to the time of loan origination (see doc. no. 1, ¶¶ 12,18-19), that allegation is directly contradicted by the assignment itself. Fannie Mae attached the assignment to its motion to dismiss as Exhibit D, and Fannie Mae asks the court to rely upon the document. The assignment therefore controls. See Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000) (normally, when "a written instrument contradicts allegations in the complaint" which refers to it, the written instrument trumps the allegations) (internal quotation marks and citation omitted).

The assignment is dated November 13, 2018, and Fannie Mae had 30 days from that date to notify the plaintiffs of the assignment. See Sykes, 2 F. Supp. at 142 ("TILA provides that 'no

6

later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer.") (quoting 15 U.S.C. § 1641(g)). If Fannie Mae failed to provide the requisite notice within 30 days, the plaintiffs had roughly until the middle of December 2019 to file their TILA claim. Because they filed their complaint in this lawsuit on November 18, 2019, their TILA claim is timely and Fannie Mae's motion to dismiss this claim is denied.

**Real Estate Settlement Procedures Act ("RESPA"), Regulation X**. The plaintiffs allege that Fannie Mae violated Regulation X of RESPA by failing to complete their second loss mitigation application and provide required notice. For the following reasons, the plaintiffs' RESPA claim must be dismissed. A "servicer is only required to comply with the requirements of [Regulation X] for a single complete loss mitigation application for a borrower's mortgage loan account." The plaintiffs concede that they obtained a previous loan modification and failed to perform under that prior modification agreement. 12 C.F.R. § 1024.41(i).20. Thus, the plaintiffs "may not bring an action for violation of [Regulation X] [since they] previously availed [themselves] of the loss mitigation process," and received one modification. Brown v. Wells Fargo Home Mortg., No. 15-CV-467-JL, 2017 WL 3206315, at *5 (D.N.H. July 26, 2017) (quoting Mangum v. First Reliance Bank, No. 4:16–CV–02214–RBH, 2017 WL 1062534, at *3 (D.S.C. Mar. 21, 2017)). Fannie Mae's motion to dismiss Count 8 is granted.

**Conversion, trespass, and nuisance.** In Count 12, the plaintiffs allege that the "defendants' actions" – without expressly referencing Fannie Mae – "result in conversion, trespass, [and] have been and are a nuisance."[11] The complaint fails to state an actionable claim

---

[11] Doc. no. 1, at ¶ 114.

for conversion, trespass, and nuisance for several reasons. As for conversion, the plaintiffs do not allege that Fannie Mae wrongfully exercised dominion or control over another's chattel without legal right or justification. Indeed, the plaintiffs agreed in their mortgage that the mortgagee or its assignees such as Fannie Mae were entitled to sell the property should Mr. St. Pierre default on his repayment obligations. Fannie Mae's motion to dismiss the plaintiffs' conversion claim is therefore granted.

The complaint similarly does not contain the requisite factual allegations to support a trespass claim, namely that Fannie Mae intentionally entered, or caused a third person or thing to enter, the plaintiffs' property without justification. See Case v. St. Mary's Bank, 164 N.H. 649 (2013) (reciting elements of trespass claim). The trespass claim is dismissed.

Finally, with respect to the nuisance claim, the plaintiffs have failed to allege facts that would support the inference that Fannie Mae "substantially and unreasonably interfere[d] with the use and enjoyment" of their property. Cook v. Sullivan, 149 N.H. 774 (2003) (quoting Dunlop v. Daigle, 122 N.H. 295 (1982)). Attempting to foreclose on a property does not unreasonably interfere with one's use of their property where, as here, the operative mortgage allowed Fannie Mae to foreclose following Mr. St. Pierre's default. The plaintiffs do not dispute in their complaint that Mr. St. Pierre has stopped making payments on the mortgage loan, putting him in default of the mortgage. Fannie Mae's motion to dismiss the nuisance claim is accordingly granted.

**"Older Americans Act"**. In Count 13, the plaintiffs attempt to state a claim for abuse and exploitation, and conspiracy to exploit, an elderly adult under the Older Americans Act, 42 U.S.C. § 3002. To the extent the plaintiffs are attempting to state a claim under the Older Americans Act, any such claim must be dismissed because the "Act does not create any private

rights for elderly persons and may not serve as the legal basis for a cause of action." Bernstein v. Howe, No. 1:18-cv-01319-RWS-CMS, 2018 WL 4474646, at *3 (N.D. Ga. June 25, 2018), report and rec. adopted, 2018 WL 4473150 (N.D. Ga. June 25, 2018) (citing McCarty v. Grguric, No. 6:06-cv-1444-Orl-19UAM, 2007 WL 4335504, at *3 (M.D. Fla. Dec. 7, 2007) ).

Even if this claim could be liberally construed as a common law or statutory claim for "elder abuse," the plaintiffs have failed to allege any facts, or wrongful conduct by Fannie Mae specifically, that could give rise to such a claim. Fannie Mae's motion to dismiss Count 13 is granted.

### III. Ruling

Fannie Mae's motion to dismiss[12] is granted as to all counts against Fannie Mae, except for Count 7. Such dismissal is with prejudice because the plaintiffs did not oppose Fannie Mae's motion, have not requested or shown any interest in amending their complaint or otherwise litigating the claims in this lawsuit,[13] and the grounds for dismissal are not mere technical defects.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: June 29, 2021

---

[12] Doc. No. 8.

[13] Based on their failure to respond to Fannie Mae's motion to dismiss, despite multiple extensions of their response deadline, and their delays and deficiencies in serving the other defendants (see Order, doc. no. 12 and the plaintiffs' failure to timely respond as required by that order), it appears that the plaintiffs may not be interested in prosecuting this suit. If that concern proves true, the plaintiffs are on notice that their surviving claim against Fannie Mae may soon be subject to dismissal with prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b).

cc: Richard St. Pierre, pro se
 Ida St. Pierre, pro se
 Matthew Joseph Delude, Esq.